IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

GERROD SEIFERT
    Plaintiff

v.                               Case No: _____

CITY OF CHESAPEAKE                    JURY TRIAL DEMAND

    Serve: Chris Price City Manager

    306 Cedar Rd, Chesapeake, Virginia

-and-

CHESAPEAKE CITY POLICE DEPARTMENT,

Serve on: Mark Solesky, Chief of Police – 304 Albemarle Dr, Chesapeake, Virginia

    Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES AND ATTORNEY FEES

### NATURE OF ACTION

Plaintiff brings this action under 42 U.S.C. §§ 1983 and the Sixth Amendment of the United States Constitution to remedy the unlawful violation of the Plaintiff's Sixth Amendment Confrontation Clause Rights by Defendants City of Chesapeake, and the Chesapeake City Police Department in the prosecution of photo speed camera violations in the City of Chesapeake.

### INTRODUCTION

By acts of the 2020 Virginia General Assembly – localities, including the Defendants were authorized to deploy photo speed cameras in work zones and school zones. Starting in 2022, the Defendant City of Chesapeake by and through the co-Defendant – Chesapeake Police Department, acting at all times with police authority derived from the Code of Virginia, contracted with a

1

private out-of-state vendor to deploy speed cameras in the City of Chesapeake to enforce traffic speeding laws. The Plaintiff received a photo speed ticket by the Defendants and the basis of this complaint is the violation of the Plaintiff's Sixth Amendment rights involved in the prosecution of the Plaintiff in the traffic court proceeding by the Defendants.

### SIXTH AMENDMENT CONSTITUTIONAL NEXUS TO THESE PROCEEDINGS

1. The Confrontation Clause within the Sixth Amendment of the US Constitution, which proclaims, ***"...in all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him."***

2. A photo speed camera is a civil violation charged to the owner of the vehicle. The maximum punishment for such a violation is $100.00 plus court costs if an accused chooses to contest their violation and is found guilty. There are no moving violation points or other penalties for the conviction. 46.2-882.1 of the Code of Virginia.

3. 46.2-882.1 of the Code of Virginia requires all photo speed violation prosecutions "shall be instituted and conducted in the same manner as prosecution for traffic infractions".

4. Photo speed violations are legally identical to law enforcement issued speeding tickets for prosecution purposes.

5. 18.2-8 of the Code of Virginia states: "Traffic infractions are violations of public order as defined in § 46.2-100 and not deemed to be criminal in nature."

6. Despite a traffic infraction not deemed criminal in nature – Virginia, like many other states, provides Sixth Amendment due process protections in speeding ticket prosecutions to include the presumption of innocence, guilt beyond reasonable doubt and the right to a jury trial at the Circuit Court level (19.2-258.1 Code of Virginia).

2

7. Any person facing prosecution of a photo speed ticket is entitled by due process protections embedded in Virginia law to the Confrontation Clause of the Sixth Amendment as incorporated by the innocent until proven guilty beyond a reasonable doubt standard.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over all claims pursuant to 28 U.S.C. § 1331 because those claims arise under the United States Constitution and laws of the United States.

2. Jurisdiction to grant a declaratory judgment is conferred by 28 U.S.C. §§ 2201-02.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all of the events, acts, and/or omissions giving rise to Plaintiffs' claims occurred in the State of Virginia and in the Eastern District of Virginia.

## PARTIES

1. Gerrod Seifert in an individual and resident of the City of Chesapeake, Virginia.

2. The City of Chesapeake is a municipality in Virginia and is incorporated under Virginia law. The City of Chesapeake has the capacity under Chesapeake law to sue and be sued. The City of Chesapeake is subject to liability for violation of federal civil rights perpetrated under color of law under 42 U.S.C. § 1983.

3. The Chesapeake City Police Department is an instrumentality of the City of Chesapeake and is the primary law enforcement arm of the City of Chesapeake

3

to enforce criminal and traffic laws.

4.   At all times for the facts and allegations related to this complaint, the City of Chesapeake and the Chesapeake Police Department are acting in concert and interchangeably.

5.   The Chesapeake City Police Department is also subject to liability for violation of federal civil rights perpetrated under color of law under 42 U.S.C. § 1983.

### FACTUAL ALLEGATIONS

1.   On September 13, 2022, the Plaintiff was cited by the Defendants for violating a speeding ordinance via a photo speed camera device authorized by the City of Chesapeake and the City of Chesapeake Police Department by delegation of 46.2-882.1 of the Code of Virginia. A copy of the citation is attached hereto and incorporated herein.   (Exhibit A).

2.   Virginia law authorizes an accused the right to pay a $100 civil fine or contest the photo speed ticket in Court.

3.   In this case, the Plaintiff elected to contest the allegations of the photo speed ticket.

4.   The Plaintiff was tried in the Chesapeake General District Court on May 24, 2023, entering a plea of not guilty and without the assistance of an attorney.

5.   At the Plaintiff's trial, the technician that certified the accuracy of the radar/lidar unit was not available for cross-examination nor was a witness in the case. The technician was also not identified to the Plaintiff prior to the trial as a testimonial witness.

6.   Despite the lack of the radar calibration technician not being available for examination, the General District Court accepted the radar calibration records as

testimonial evidence of the accuracy of the radar/lidar unit pursuant to 46.2-882 of the Code of Virginia

7. Following the trial, the Plaintiff was found guilty by the Court, assessed a $100 civil penalty plus court costs of $67 for which the Defendants paid. (Exhibit B).

8. The statutory scheme of Virginia law allowing introduction of testimonial evidence into trial, specifically the accuracy of the radar unit by certificate, not subject to cross-examination, is in direct violation of the Confrontation Clause of the Sixth Amendment of the U.S. Constitution as defined by the US Supreme Court in Bullcoming v. New Mexico, 564 U.S. 647 (2011).

9. This complaint is not unique to the Defendants but is a systemic statewide violation of every accused's Sixth Amendment rights that have been tried and found guilty by any General District Court in any jurisdiction in Virginia using the automatic introduction of testimonial evidence pursuant to 46.2-882 of the Code of Virginia.

**VIRGINIA STATUTORY SCHEME IN VIOLATION OF SIXTH AMENDMENT**

Controlling Case: **Bullcoming v. New Mexico, 564 US 647 (2011)**

***Sixth Amendment Confrontation Clause Rule****: "As a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." Bullcoming*

10. The Plaintiff restates all previous paragraphs.

11. In every photo speed violation charge, the foundational evidence of the charge is that the radar or lidar unit calibrating the accused speed has been calibrated correctly and within the statutory period of time of 12 months (46.2-882 Code of Virginia).

12. The foundational evidence that a radar unit is accurately working to cause a violation of Virginia law is therefore testimonial evidence as it has been created to serve as evidence in a criminal proceeding and speeding violators are entitled to Confrontation Clause Sixth Amendment protections in prosecutions before any General District Court (19.2-258.1 Code of Virginia). *Bullcoming*

13. The absence of the radar/lidar unit calibration as testimonial evidence at trial would make it impossible for any accused to be convicted of a photo speed violation.

14. In a recent FOIA response to counsel, the Defendants produced Certificate of Calibrations for each radar/lidar unit currently running in the city. A copy of one of the certificates is attached hereto and incorporated herein, however, on information and belief all certificates are identical in format. The attached certificate is an example of evidence used in every photo speed trial. (Exhibit C).

15. All certificates of radar calibration are business records of the third-party private business that the Defendants contracted with to enforce photo speed violations and are not governmental records maintained by the City of Chesapeake or the Chesapeake Police Department.

## COUNT 1

### VIOLATION OF § 1983: SIXTH AMENDMENT CONFRONTATION CLAUSE
### City of Chesapeake and Chesapeake City Police Department

16. The Plaintiff restates all previous paragraphs

17. Both 46.2-882 and 46.2-882.1(B)(2) of the Code of Virginia violate the Sixth Amendment Confrontation clause because Virginia Law mandates a Court **SHALL** (emphasis added) accept a copy of a certificate of calibration as evidence without

providing the accused the right to confront the technician who certified the record.

18. The Sixth Amendment Confrontation Clause violations are even more egregious in photo speed violations than in regular police issued traffic tickets because the person who certifies the accuracy of the record is not even an employee of either Defendants, the record is not a governmental record and the record is maintained by a third-party private out-of-state company.

19. The Virginia General Assembly seems to have created a third-party business record exception to testimonial evidence of a traffic violation between an accused and a government entity. This exception introduction of the following evidence:

    a.  A testimonial piece of evidence, namely whether the radar/lidar unit was working properly  -and-

    b.  Certified by a third-party out-of-state private company employee -and-

    c.  Admission of the business record to a trial by a law enforcement officer who has no knowledge of the accuracy of the document -and

    d.  Virginia law mandates a General District Court judge accept the unverified calibration record (46.2-882 Code of Virginia).

20. Such an evidentiary exception of the previous paragraph is not found anywhere else in Virginia law relating to governmental prosecutions of citizens.

21. Specifically, 46.2-882 of the Code of Virginia states the certificate of calibration "shall" be introduced as evidence in a photo speed violation charge:

    a.  *In any court or legal proceeding in which any question arises about the calibration or accuracy of any laser speed determination device, radar, microcomputer device, or photo speed monitoring device as described in this*

*section used to determine the speed of any motor vehicle, a certificate, or a true copy thereof, showing the calibration or accuracy of (a) the speedometer of any vehicle, (b) any tuning fork employed in calibrating or testing the radar or other speed determination device, or (c) any other method employed in calibrating or testing any laser speed determination device or photo speed monitoring device, and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated.*

22. Additionally, 46.2-882.1(B)(2) of the Code of Virginia allows for the charging officer to rely on facsimiles or copies of calibration records when determining to issue a citation to a driver:

   a. *2. If a photo speed monitoring device is used, proof of a violation of § 46.2-873 or 46.2-878.1 shall be evidenced by information obtained from such device. A certificate, or a facsimile thereof, sworn to or affirmed by a law-enforcement officer, based upon inspection of photographs, microphotographs, videotapes, or other recorded images produced by a photo speed monitoring device, shall be prima facie evidence of the facts contained therein. Any photographs, microphotographs, videotapes, or other recorded images evidencing such a violation shall be available for inspection in any proceeding to adjudicate the liability for such violation of § 46.2-873 or 46.2-878.1.*

23. 46.2-882 of the Code of Virginia additionally creates a hybrid-affirmative defense of an accused to the Confrontation Clause by stating *"any question arises about the calibration or accuracy of any laser speed determination device"*.

24. The Sixth Amendment is not an affirmative defense that shifts the burden of the accused to request his accuser come to Court.

25. The Sixth Amendment requires the Defendants to bring any witness with testimonial evidence to Court in a traffic ticket proceeding for cross-examination and is the basis for a court to make a finding of the guilt beyond a reasonable doubt standard.

26. Every photo speed citation trial requested raises the question of whether the radar unit was calibrated correctly, a testimonial piece of evidence invoking the protections of the Confrontation Clause of the Sixth Amendment as defined by the US Supreme Court in *Bullcoming*.

27. The Defendants and other Virginia localities electing to prosecute speed camera violators can only comply with the Confrontation Clause of the Sixth Amendment by having the private out-of-state contractor employee radar/lidar tech operator present in every court proceeding available for cross-examination – which is not occurring in any known prosecution in the City of Chesapeake or in any other jurisdiction in Virginia.

28. Every successful prosecution by the Defendants in open court without the presence of the radar/lidar tech must be vacated if the Defendants failed to provide the testimonial evidence required by the Confrontation Clause of the Sixth Amendment.

29. The violation of the Sixth Amendment Confrontation Clause rights of the Plaintiff and every other similarly situated citizen constitutes manifest injustice and irrevocable harm to the community as a whole and accordingly, the Plaintiff moves for this Court to enjoin the Defendants from continuing to prosecute accused violators in conformance with defective statutory Virginia law.

30. The Defendants have issued 70,656 photo speed violations in 2022 alone and have profited by collecting $5,532,676.05 in fines.  (Exhibit D).

31. The profit-policing system manufactured by the Virginia General Assembly and currently in use by the Defendants, and many other jurisdictions in Virginia, has created a substantial revenue stream to the Defendants and other local governments in Virginia.

32. Localities like the Defendants could not maximize revenue as they currently do if they were strictly adhering to proper and constitutionally recognized protections.

33. The actions of the Defendants constitute a manifest injustice on the Plaintiff and every citizen subject to prosecution pursuant to 46.2-882.1 of the Code of Virginia.

34. The unconstitutional scheme of 46.2-882 and 46.2-882.1(B)(2) of the Code of Virginia requires this Court to declare the statutes unconstitutional in violation of the Confrontation Clause and to enjoin the Defendant and every other similar jurisdiction in Virginia from introducing radar/lidar calibrations of third-party private companies into evidence without producing the technician at every trial in Virginia.

## DEMAND FOR RELIEF

For the foregoing reasons, the Plaintiff moves, for a finding that 46.2-882 and 46.2.-882.1 of the Code of Virginia be deemed, in-part, unconstitutional and in violation of the Sixth Amendment for the reasons stated herein, for a finding that the Plaintiff's Sixth Amendment rights have been violated by the Defendants and the Plaintiff further moves this Court for:

1. A temporary and permanent injunction against the Defendants from engaging in photo camera prosecutions that violate the Sixth Amendment against any similarly

situated violator.

2. A temporary and permanent injunction statewide injunction for prosecution of any photo speed camera violations in any Virginia Court without strict adherence to the Confrontation Clause of the Sixth Amendment – specifically enjoining any jurisdiction from introducing a radar/lidar calibration record of a third-party out-of-state company without having the technician available for cross-examination.

3. A refund of the fees and costs paid from the unlawful prosecution of the Plaintiff.

4. An order to disgorge the Defendants from any funds collected by any similar charged violator of photo speed summons where prosecutions violated the Sixth Amendment

5. Award Plaintiffs reasonable attorneys' fees under 42 U.S.C § 1988 and all taxable costs of this action.

6. Award such other and further relief in any form that this Court deems just and proper under the facts and circumstances as proved at trial.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues triable by a jury.

Respectfully Submitted,

Gerrod Seifert

By:_____/s/_____
Counsel

Timothy Anderson
Anderson & Associates, PC
2492 N. Landing Rd 104
Virginia Beach VA 23456
757-301-3636
VSB 43803
timanderson@virginialawoffice.com
Counsel for Plaintiff